**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

SIBONGISENI MFUNDO MSEZANE,

                Petitioner,

     v.

PATRICK GARTLAND,

                Respondent.

CIVIL ACTION NO.: 5:19-cv-51

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court upon Respondent's Notice, doc. 33, filed in response to this Court's March 16, 2021 Order, doc. 32. For the following reasons, I **RECOMMEND** the Court **DENY as moot** Petitioner Sibongiseni Msezane's ("Msezane") Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Msezane leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Msezane his suit is due to be dismissed. As indicated below, Msezane will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**BACKGROUND**

Msezane filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, challenging his continued detention by Immigration and Customs Enforcement ("ICE") officials at D. Ray James ICE Processing Center and asking to be released from ICE's custody on his own recognizance. Doc. 1.  Respondent filed a motion to dismiss, doc. 6, which the Court granted in part and denied in part, docs. 16, 18.  Importantly, the Court found the record was not sufficiently developed to determine whether Msezane's detention, which was more than 20 months at the time of the Report and Recommendation, violated Msezane's right to procedural due process.  Doc. 16 at 14. The Court directed Respondent to file a response to the remaining portion of Msezane's Petition, which Respondent did.  Doc. 26.  In the Response, Respondent alerted the Court to Msezane's May 2020 hearing before an immigration judge and of the Government's numerous requests for an order of removal.  Id. at 9, 10.  Because this Response alerted the Court to the possibility Msezane had been released from ICE's custody, the Court noted it was unable to obtain information regarding Msezane's status with ICE and directed the parties to update the Court within 14 days of the March 16, 2021 Order of Msezane's status.  Doc. 32.  Respondent notified the Court Msezane was released on his own recognizance from ICE's custody on February 23, 2021.  Doc. 33 at 1.[2]

**DISCUSSION**

In his Petition, Msezane sought his release from ICE's custody on his own recognizance and challenged his continued detention.  Doc. 1 at 7.  As Msezane has now been released on his own recognizance, the remaining claim in his Petition has been rendered moot.

---

[2]    Msezane failed to notify the Court of any change in his address in writing, as required.  Doc. 2 at 2; Local R. 11.1.  This provides an independent reason to recommend the dismissal of Msezane's Petition based on failure to follow this Court's Orders.  Docs. 2, 32.

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).

Here, as noted above, Msezane has been released on his own recognizance from the custody of ICE. Doc. 33. Msezane has been granted his requested relief. There is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570

F.3d at 1216.  Accordingly, the Court should **DENY as moot** Msezane's Petition for Writ of Habeas Corpus.

## II.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Msezane leave to appeal *in forma pauperis*.  Though Msezane has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  <u>See</u> Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. <u>Busch v. County of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Msezane *in forma*

*pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Msezane's

Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of

dismissal, and **DENY** Msezane leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of

today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate

Judge failed to address a contention raised in the Complaint must be included.  Failure to file

timely, written objections will bar any later challenge or review of the Magistrate Judge's factual

findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to

challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the

objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United

States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify, in

whole or in part, the findings or recommendations made herein.  Objections not meeting the

specificity requirement set out above will not be considered by the District Judge.  A party may

not appeal a Magistrate Judge's report and recommendation directly to the United States Court of

Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by

or at the direction of a District Judge.

      **SO REPORTED and RECOMMENDED**, this 5th day of April, 2021.


BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA